IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


CHRISTIAN D. SEARCY et al.,

    Plaintiffs,

v.                                  CASE NO. 4:13cv664-RH/CAS

THE FLORIDA BAR et al.,

    Defendants.

_____/


**ORDER DISMISSING THE VAGUENESS CLAIM AND
OTHERWISE DENYINGTHE MOTION TO DISMISS**


      This case presents a challenge to Florida Bar rules that govern attorney advertising, including on websites. The plaintiffs are a law firm and some of its partners. They have included on their website, and wish to continue to include on their website, some statements that clearly do, and others that may, violate the rules, including, for example, a statement that the plaintiffs specialize in mass-tort and unsafe-products cases and a statement that tort reform benefits insurers. The plaintiffs say the rules violate the First Amendment in relevant respects. They also say one of the rules—requiring at least some statements to be "objectively verifiable"—is unconstitutionally vague.

The defendants—the Florida Bar and affiliated individuals in their official capacities—have moved to dismiss, asserting that the plaintiffs lack standing, that their claims are not ripe, and that the vagueness challenge is unfounded on the merits. The principal basis of the standing and ripeness assertion is that the plaintiffs have obtained advisory opinions from the Bar's Ethics and Advertising Division and the Bar's Standing Committee on Advertising but that those entities have no authority to bind the Bar and that the plaintiffs have not sought an opinion, as they could do, from the entity that *does* have authority to bind the Bar, the Board of Governors.

This order dismisses the vagueness challenge and otherwise denies the motion to dismiss.

I

The plaintiff Searcy Denney Scarola Barnhart & Shipley PA is a Florida law firm that represents plaintiffs in personal-injury and similar cases. The individual plaintiffs are the named partners in the firm. The plaintiffs challenge Florida Bar Rule of Professional Conduct 4-7.13, which requires at least some of an attorney's statements to be "objectively verifiable," a standard explained in accompanying commentary as requiring, in addition to verifiability of affirmative statements, that at least some "pertinent information" not be omitted. The plaintiffs also challenge Rule 4-7.14, which prohibits statements that an attorney or firm specializes or has

expertise in an area of law, with an exception only for truthful statements that an attorney is board certified—an exception that apparently never applies to a firm, because only individual lawyers may be board certified (at least by the Florida Bar).

The Bar has established a three-step procedure under which an attorney may obtain an opinion on whether a statement violates the rules. The first step is review of the statement by the Bar's Ethics and Advertising Division. The second step is review of the Ethics and Advertising Division's opinion by the Bar's Standing Committee on Advertising. The third step is review by the Bar's Board of Governors. A favorable opinion at any step creates a "safe harbor"; an attorney cannot be disciplined based on a statement said to be permissible at any step. *See Harrell v. The Florida Bar*, 608 F.3d 1241, 1261 (11th Cir. 2010). But only the Board of Governors can establish the Bar's official policy. Thus an opinion of the Ethics and Advertising Division or Standing Committee on Advertising, even when issued as a formal part of the review process, establishes a safe harbor but otherwise is not binding on the Bar or on the attorney.

Searcy Denney went through two steps of the review procedure. The Bar's Ethics and Advertising Division and Standing Committee on Advertising both opined that many of Searcy Denney's proposed statements violated the rules. Both even opined—contrary to the more-recent advice of the defendants' attorney in this

litigation—that Searcy Denney cannot say on its website that tort reform favors insurers and that big corporations can no longer be trusted, unless these statements can be objectively verified. Searcy Denney did not seek review by the Board of Governors.

The plaintiffs filed this lawsuit against the Bar and its executive director, chief ethics counsel, and chief disciplinary attorneys for the locations where Searcy Denney has offices. In count 1, the plaintiffs assert an as-applied First Amendment challenge to the pertinent portions of Florida Rules of Professional Conduct 4-7.13 and 4-7.14. In count 2, the plaintiffs challenge the "objectively verifiable" provision of Rule 4-7.12. The defendants have moved to dismiss both counts based on standing and ripeness. Alternatively, the defendants have moved to dismiss count 2 on the merits.

II

The law of the circuit on standing and ripeness, specifically as applied to attorney challenges to Bar rules of this kind, is set out at length in *Harrell*. No purpose would be served by repeating here all that was said there.

The governing principles are different, if only slightly, for First Amendment challenges, on the one hand, and vagueness challenges, on the other hand.

A

As *Harrell* makes clear, an as-applied First Amendment challenge to a Bar rule may go forward on the merits at least when these conditions are met: the attorney has made statements, and unless prohibited from doing so will continue to make statements, that may violate the challenged rule; the attorney faces a credible threat of disciplinary action if the attorney continues to make the statements; and nothing would be gained from requiring the attorney to obtain a more-definitive administrative interpretation of the rule, because the rule's application is clear on its face. *Harrell*, 608 F.3d at 1261-62. Just last month the Supreme Court confirmed yet again—unanimously—that a credible threat of prosecution is enough to allow a First Amendment claim to go forward. *See Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334 (2014).

Here the plaintiffs easily meet the *Harrell* standard for at least some of their First Amendment claims. Indeed, the defendants have suggested no interpretation of the challenged rules that would save some of the plaintiffs' proposed statements, and the defendants have not denied that, if the plaintiffs continue to make these prohibited statements, they will face disciplinary action.

The easiest example is the ban on statements regarding specialization and expertise. The plaintiffs assert, and the defendants do not deny, that the rules prohibit the plaintiff law firm from saying it specializes or has expertise in any area

of law. The defendants apparently do not assert that the statement is false, nor could they reasonably do so. Indeed, in describing a similar firm, the Eleventh Circuit itself said the firm "specializes in personal injury law." *Harrell*, 608 F.3d at 1247.

Similarly, the rules prohibit the individual plaintiffs from saying they specialize or have expertise in "mass tort" or "unsafe products" cases, even if they do, because the Bar does not offer board certification in—and the plaintiff attorneys thus are not board certified in—these specialties, and the same apparently is true of other approved certifying entities.

The prohibition on statements of this kind may or may not violate the First Amendment as applied to these plaintiffs. But the plaintiffs have standing to mount the challenge, and the dispute is as ripe as it will ever be. Indeed, if the Bar's Board of Governors now issued an interpretation of the rule allowing these statements, a substantial issue would be presented whether the interpretation was merely an effort to avoid an adverse ruling in this lawsuit. *See Harrell*, 608 F.3d at 1266.

In arguing that the case should not go forward, the defendants emphasize that the plaintiffs did not proceed to the third step of the Bar's review process, that is, the plaintiffs did not seek the opinion of the Board of Governors. In support of the assertion that this is fatal to the plaintiffs' claims, the defendants cite *Pittman v.*

*Cole*, 267 F.3d 1269 (11th Cir. 2001). There the court held that a challenge to an Alabama Bar ethics opinion was not ripe because the opinion did not represent official Bar policy; the plaintiffs had not sought an opinion from the Bar's relevant policy-making body, the Disciplinary Commission. The defendants say the same analysis applies here, because the plaintiffs obtained nonbinding opinions of the Bar's Ethics and Advertising Division and the Bar's Standing Committee on Advertising, but did not obtain the opinion of the relevant policy-making body, the Board of Governors.

The difference is this. In *Pittman* there was no officially adopted rule that addressed the plaintiffs' proposed statements. All the plaintiffs challenged was the nonbinding, unofficial ethics opinion. Here, in contrast, the plaintiffs challenge not the nonbinding, unofficial opinions of the Bar's Ethics and Advertising Division and Standing Committee on Advertising; instead, the plaintiffs challenge officially adopted rules. The difference makes all the difference.

Moreover, *Harrell* definitively refutes the plaintiffs' proposed reading of *Pittman*. *Harrell* allowed a challenge to go forward to five rules even though the plaintiffs had invoked only two of the three steps of the Bar's review process—precisely as the plaintiffs did in the case at bar. Here, as in *Harrell*, the plaintiffs may proceed with their challenge to rules that clearly forbid statements the

plaintiffs intend to make and for which they face a credible threat of disciplinary action.

### B

The plaintiffs' vagueness claim in count 2 also may be addressed on the merits at this time.  In *Harrell*, the Eleventh Circuit held that the plaintiffs had standing to assert their vagueness challenge to five of the Bar's advertising rules, and the court continued: "We fail to discern any ripeness problems concerning Harrell's void-for-vagueness challenge to the five rules . . . ." *Harrell*, 608 F.3d at 1258.  Here, as in *Harrell*, the plaintiffs face a credible threat of disciplinary action under a rule the plaintiffs say is unconstitutionally vague, and nothing would be gained by requiring the plaintiffs to seek a further interpretation from the Board of Governors.

### III

The defendants also assert that the vagueness claim fails on the merits.  A rule is unconstitutionally vague when it is "so unclear as to what conduct is [prohibited] that persons of common intelligence must necessarily guess at its meaning and differ as to its application." *Mason v. Florida Bar*, 208 F.3d 952, 958 (11th Cir. 2000) (citing *Broadrick v. Oklahoma*, 413 U.S. 601, 607 (1973)).  In *Mason*, the Eleventh Circuit held that a since-repealed Florida Bar rule prohibiting

"self-laudatory" advertising statements was not unconstitutionally vague. The court said:

> Although Mason is correct that [the challenged rule] is capable of multiple meanings and potentially very broad application, the Rule's language is plain and would adequately put Bar members on notice that merely self-referential and laudatory statements or statements describing the quality of their legal services are prohibited.

*Mason*, 208 F.3d at 959 (footnote omitted).

The same analysis applies here. If, as *Mason* held, a prohibition on "self-laudatory" statements is not unconstitutionally vague, then a requirement that statements be "objectively verifiable" or that "pertinent information" not be omitted also is not unconstitutionally vague. Indeed, requirements expressed with no greater specificity than this are routinely adopted and applied in all manner of statutes and rules, including those that lead to criminal prosecutions or trench on First Amendment values.

These challenged provisions may or may not violate the First Amendment as applied to statements of the kind the plaintiffs propose to make. But that does not mean the provisions are unconstitutionally vague.

IV

For these reasons,

IT IS ORDERED:

The motion to dismiss, as amended, ECF Nos. 6 and 7, is GRANTED IN PART.  Count 2 of the complaint is dismissed with prejudice.  I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

SO ORDERED on July 21, 2014.

                                           s/Robert L. Hinkle  
                                           United States District Judge