## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA

### Tallahassee Division

CHRISTIAN D. SEARCY; EARL
DENNEY, JR.; JOHN SCAROLA; F.
GREGORY BARNHART; JOHN
SHIPLEY; and SEARCY DENNEY
SCAROLA BARNHART &
SHIPLEY PA,

       Plaintiffs,

v.                         Case No. 4:13-cv-00664-RH-CAS

THE FLORIDA BAR, JOHN F.
HARKNESS, in his official capacity
as Executive Director of The Florida Bar;
ELIZABETH TARBERT, in her Official
capacity as Chief Ethics Counsel of the
Legal Division of The Florida Bar; JAMES
N. WATSON, JR., in his official capacity at
Chief Disciplinary Counsel of the Tallahassee
Branch of the Legal Division of The Florida
Bar; and ADRIA E. QUINTELA, in her
official capacity as Chief Disciplinary
Counsel of the Fort Lauderdale Branch of
the Legal Division of The Florida Bar,

       Defendants.

---

## THE FLORIDA BAR'S MOTION FOR SUMMARY JUDGMENT
## AND MEMORANDUM OF LAW

---

## Motion for Summary Judgment

The Florida Bar moves for summary judgment on the ground that there are no material issues of fact in dispute and The Florida Bar is entitled to judgment as a matter of law.  The more particular grounds for this motion are set forth in the memorandum below.

### Memorandum of Law in Support of Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment

Plaintiffs assert three independent claims:

1. A facial challenge to the "objectively verifiable" standard set forth in Rule 4-7.13(b)(2) and (3), Florida Rules Regulating The Florida Bar.

2. An as-applied challenge to the objectively verifiable standard.

3. A challenge to Rule 4-7.14(4), Rules Regulating The Florida Bar, with respect to requirements relating to advertising of board certification, specialization, or expertise.

## 1.  The facial challenge to the objectively verifiable requirement−

This Court has already dismissed the facial vagueness claim with prejudice. See Document 17.  Plaintiffs also assert a facial challenge to the objectively verifiable standard on the ground that it imposes restrictions on the exercise of commercial speech that are not permitted by the First Amendment.

In the case in which the United States Supreme Court first held that states could not entirely prohibit attorney advertising, the Court in dicta noted that states might be able to restrict claims that are not susceptible of measurement or verification:

> [B]ecause the public lacks sophistication concerning legal services, misstatements that might be overlooked or deemed unimportant in other advertising, might be found quite inappropriate in legal advertising.  For example, advertising claims as to the quality of services, a matter we do not address today, are not susceptible of measurement or verification; accordingly, such claims may be so likely to be misleading as to warrant restriction.

*Bates v. Statement of Arizona*, 433 U.S. 350, 383 (1977).  In its later decision in *Peel v. Attorney Registration and Disciplinary Comm'n*, 496 U.S. 91 (1990), the Court struck down a prohibition on advertising certification as a trial specialist by the National Board of Trial Advocacy.  The Court noted the material distinction between statements of objective fact and unverifiable statements of opinion, finding that, "the facts stated on petitioner's letterhead are true *and verifiable*." *Peel* at 496 U.S. 100 (emphasis added).  The Court emphasized the important distinction between objectively verifiable statements and unverifiable subjective statements:

> [The state court's] analysis confuses the distinction between statements of opinion or quality and statements of objective facts that may support an inference of quality.  A lawyer's certification by NBTA is a *verifiable* fact, as are the predicate requirements for that certification.  Measures of trial experience and hours of continuing

education, like information about what schools the lawyer attended or his or her bar activities, are facts about a lawyer's training and practice.  A claim of certification is not an *unverifiable opinion* of the ultimate quality of a lawyer's work or a promise of success, [citation omitted] but is simply a fact, albeit one with multiple predicates, from which a consumer may or may not draw an inference of the likely quality of an attorney's work in a given area of practice.

*Id* at 101 (emphasis added).

Subjective or unverifiable statements of fact regarding an attorney's record or ability could be completely false, but there would be no way for the consumer or the Bar to determine the truth or falsity of the statement.  Such statements by their nature are potentially misleading and Petitioners offer no less restrictive manner by which the State can avoid such potential for deception. It is difficult to conceive of what such less restrictive measures would be and the Supreme Court has never held that subjective and unverifiable statements of a lawyer's record or qualifications are protected by the First Amendment.

Petitioners assert that the rule reversed the burden of proof. It does not. In its decision adopting the current advertising rules, the Florida Supreme Court held that the burden of proof of violation of the rules remains with the Bar in disciplinary proceedings:

> [If] the advertising statement eventually results in a disciplinary proceeding, the Bar has the burden of proving that the statement is false or not objectively verifiable. The attorney would have an opportunity to defend him or herself, provide supporting facts, and

present arguments in the disciplinary proceeding. Discipline cannot be imposed unless the Bar carries its burden.

*In re Amendments to Rules Regulating The Florida Bar,* 108 So. 3d 609, 611 (2013). Petitioners are confusing an attorney's obligation to avoid making advertising statements that are untrue or unverifiable with the burden of proving that he or she did so, which remains with the Bar.

## 2.  The as-applied challenge to the objectively verifiable standard−

The Florida Bar Ethics and Advertising Department issued a staff advisory opinion to Plaintiffs in which it opined that certain statements on Plaintiffs' website failed to comply with advertising rules because they were not objectively verifiable.  Among such statements were several that constituted general social or political commentary.  The Complaint alleged that the opinion was constitutionally unsustainable, and there is no dispute as to the allegation. The Bar has previously stated on the record that the advisory opinion was incorrect for two reasons.  First, the objectively verifiable standard appears only in Rules 4-7.13(2) relating to references to past results and 4-7.13(3) relating to comparisons to lawyers or characterizations of skills, experience, reputation or record. The advisory opinion applied the rule to all statements on the Petitioners' website that the staff attorney reviewed. Second, the Bar acknowledges that it cannot constitutionally restrict

statements of opinion or political or social commentary that do not constitute commercial solicitation.

The Bar's undersigned attorney informed the Bar that the advisory opinion was wrong immediately upon receiving a copy of the Complaint and notified opposing counsel of this a short time later. The position was formalized in this case in the Bar's motion to dismiss.  See Document 7, fn. 9.  Thus, any controversy that might have existed at the time of filing the Complaint is now moot and the Court lacks Article III jurisdiction due to a lack of case or controversy.

**3.    Certification requirements−**

Rule 4-7.14(4), Rules Regulating The Florida Bar, prohibits a lawyer from advertising that he or she is board certified, a specialist, an expert, or other variations of those terms unless the lawyer has been certified under The Florida Certification Plan, another state bar program having standards reasonably comparable to those of the Florida program, or by an organization whose specialty certification program has been accredited by The American Bar Association or The Florida Bar.  Petitioners allege that the limitation constitutes a First Amendment violation.

If the State were prohibited from establishing any standards as a basis for claiming specialization or expertise, lawyers would be able to self-certify and any lawyer could claim to be an expert or specialist in any field.  The State has a

substantial interest in enabling consumers to determine which lawyers have special training and expertise without having to engage in a degree of research that would be so extensive as to be impracticable for the average consumer. The Supreme Court has prohibited states from imposing undue restrictions upon the ability of lawyers to advertise certification by bona fide certifying organization, but the Court has never held that a state is without the means of imposing reasonable standards upon such certification.

The Court addressed this issue in *Peel*, 496 U.S. 91. While the *Peel* decision invalidated an unreasonably restrictive state rule, it implicitly recognized the ability of states to impose reasonable standards of specialization. The Court stated:

> We do not ignore the possibility that some unscrupulous attorneys may hold themselves out as certified specialists when there is no qualified organization to stand behind that certification. A lawyer's truthful statement that "XYZ Board" has "certified" him as a "specialist in admiralty law" would not necessarily be entitled to First Amendment protection if the certification were a sham. States can require an attorney who advertises "XYZ certification" to demonstrate that such certification is available to all lawyers who meet objective and consistently applied standards relevant to practice in a particular area of the law.
>
> * * * * *
>
> To the extent that potentially misleading statements of private certification or specialization could confuse consumers, a State might consider screening certified organizations or requiring a disclaimer about the certifying organization or the standards of a specialty.

*Peel*, 496 U.S. at 109-100.  Florida has accepted the Court's invitation to screen organizations certifying specialization, and it has not unreasonably limited the screening process to Florida's own program as was the case in *Peel*.  Any program accredited by Florida, another state with equivalent standards, or The American Bar Association can provide certification that enables an attorney to advertise specialization.[1]

The Florida Bar's requirements for advertising specialization are reasonable, narrowly tailored, and fully consistent with Supreme Court jurisprudence on commercial advertising.

## Conclusion

For the foregoing reasons, the Defendants respectfully urge that the Petitioners' motion for summary judgment be denied and the Defendants' motion for summary judgment be granted.

---

[1] Petitioners have not asserted and cannot establish that delegating the accreditation process to the ABA is unconstitutional.  There is no constitutional principle that prohibits states from utilizing bona fide private entities to assist them in evaluating fitness to perform tasks subject to governmental regulation.  Most, if not all, states require graduation from a law school accredited by the ABA in order to practice law, and federal courts in turn require state bar admission in order to practice in federal courts.

S/ BARRY RICHARD
BARRY RICHARD
FLORIDA BAR NO. 105599
MICHAEL H. MOODY
FLORIDA BAR NO. 66471
**GREENBERG TRAURIG, P.A.**
101 EAST COLLEGE AVENUE
TALLAHASSEE, FL  32301
TELEPHONE:  (850) 222-6891
FACSIMILE:  (850) 681-0207
*RICHARDB@GTLAW.COM*
*MOODYM@GTLAW.COM*
*S:  TRAMMELLC@GTLAW.COM*
*S:  MATTAIRS@GTLAW.COM*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served via the court's CM/ECF system this 19th day of December, 2014, which will serve the following counsel of record:

Bush & Augspurger, P.A.
Richard Burton Bush, Esq.
3375-C Capital Circle, N.E.
Suite 200
Tallahassee, FL  32308
*rbb@bushlawgroup.com*
*mkp@bushlawgroup.com*

Gupta Beck PLLC
Gregory A. Beck, Esq.
Deepak Gupta
Brian Wolfman
1625 Massachusetts Avenue, N.W.
Suite 500
Washington, DC  20036
*greg@guptabeck.com*

S/ BARRY RICHARD

*TAL 451927007v1*

GREENBERG TRAURIG, P.A.